[No. 2218. Decided November 16, 1896.]

JOHN W. KLEEB, *Appellant* v. BENJAMIN FRAZER *et al.*, *Respondents*.

#### FRAUD — SUFFICIENCY OF EVIDENCE.

When fraud is alleged it must have more conclusive proof to warrant the entry of a judgment than mere inferences springing from one or two suspicious circumstances, especially when these had transpired so long before the trial as to make the incidents connected with them difficult of proof.

Appeal from Superior Court, Pierce County.—HON. W. H. PRITCHARD, Judge.    Affirmed.

*Parsons, Corell & Parsons,* for appellant.

*O'Brien & Robertson,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This action was brought to set aside and annul an alleged fraudulent deed and bill of sale, made by the defendant Benjamin Frazer to his brother Henry Frazer, respondents in this case. The appellant relies upon the judgment in this court in *O'Leary v. Duvall,* 10 Wash. 666 (39 Pac. 163); but a careful review of all the testimony in this case convinces us that the rule applied in that case is not applicable to this. While it is true that fraud is hard to prove yet it is equally true that it must be proven before judgment of fraud can be entered; and while there are one or two suspicious circumstances in this case,— as for instance the sending of the $1,600 draft to Henry Frazer for the benefit of his brother Benjamin Frazer,— yet this was only an incident in the whole transaction, and the only one we have been able to discover, which is not consistent on its face with the theory of good faith; and as the transaction was several years ago, it might well happen that the witness had forgotten many things which would serve to explain.

We have examined with particular care the testimony in reference to deposits in the banks, and we think it not unlikely that men of the business character of these respondents would not be able to produce any evidence of the mode of their transaction with the banks or with the volume of business transacted at a time so long ago; and the testimony of the officers of the banks was not by any means conclusive that the respondents did not have the money deposited in the respective banks which they testified they had.

On the whole, we think, applying the most liberal

rules in favor of the appellant, that he has failed to overcome the burden of establishing fraud upon these respondents in the transaction attacked, and finding no error in any other respect, the judgment will be affirmed.

SCOTT, GORDON and ANDERS, JJ., concur.

HOYT, C. J., dissents.