[No. 8276.   Department One.   December 1, 1909.]

SAMUEL SALHINGER, *Appellant*, v. HENRY SALHINGER et al., *Respondents.*[1]

PARTNERSHIP—RIGHTS OF PARTNERS—FRAUD.   A copartnership raises a strong fiduciary relation, requiring the utmost good faith and rendering a partner liable for false representations or conceal· ment in securing a partnership settlement.

PARTNERSHIP—SETTLEMENT—FRAUD.   A partnership settlement should be set aside for fraud where the parties to the action were brothers and partners, the plaintiff was in ill health and weak-minded and subject to the defendant's influence, and the defendant, who had been in active charge of the partnership, the property of which was of the value of sixty thousand dollars, represented it as valueless and the business without profit and thereby, and by his influence over the plaintiff, who relied on the statements, fraudulently secured the settlement with the plaintiff for a small sum; as such statements are representations of material facts, relied upon by the plaintiff to his injury.

Appeal from an order of the superior court for Snohomish county, Black, J., entered February 6, 1909, upon sustaining a demurrer to a petition to vacate a judgment. Reversed.

*Tom Alderson* and *Thos. F. Murphine*, for appellant.

*Brownell & Coleman*, for respondents.

MORRIS, J.—It is sought in this proceeding to vacate a judgment upon the ground of fraud.   A general demurrer to the petition was sustained in the court below, and appellant electing to stand upon the petition, judgment of dismissal was entered, and the appeal follows.

[1]Reported in 105 Pac. 236.

Samuel and Henry Salhinger are brothers, Sarah is the wife of Henry, and The Salhinger Company is a corporation in which Henry Salhinger and his wife are the sole stockholders. The petition sets forth that in the year 1888, Samuel and Henry Salhinger entered into a copartnership at Chicago, under the firm name of S. & H. Salhinger; that subsequently the business was removed to Washington, and was conducted here in various cities until the fall of 1892, when it was established at Everett, and placed under the management of Henry Salhinger. In 1894, Samuel Salhinger located at San Francisco, where he has since resided, acting as a buyer for the firm until the fall of 1899, when Henry Salhinger, without his consent, excluded him from any part in the business, and refused to make him any compensation for his interest therein. Samuel made repeated demands upon Henry, both by letter and in person, for a settlement of the partnership business and a recognition of his rights therein, all of which were denied and refused. In August, 1907, Henry organized The Salhinger Company, and transferred all of the partnership assets thereto, with intent to cheat and defraud the appellant and deprive him of his interest in such assets.

In October, 1907, this action was commenced, the complaint reciting the above facts as a basis for relief, and praying for a dissolution of the copartnership, an accounting, and other equitable relief. The petition and certain affidavits, which are made a part thereof for the purpose of making a *prima facie* showing that appellant was entitled to the relief prayed for, then recite that, when Henry was served with the summons, he caused his wife to telegraph to appellant that he was very ill and requesting appellant to come to Everett and see him, but that three days thereafter he appeared at San Francisco in seeming good health, and began to negotiate with appellant for a settlement of their differences; that for the past ten years appellant has been in poor health, weak-minded, and unable to do any business without

the advice and guidance of his friends; that he was particularly subject to the influence of Henry; and that Henry, knowing these facts and for the purpose of easily overreaching and defrauding him, obtained an interview with appellant, and taking him away from the companionship of his friends and advisers, kept him under his control for two days, during which time he obtained a settlement and discharge of all claims made by appellant in his complaint for a dissolution and accounting. This release was also signed by the wife of Samuel, who sets forth that she had no knowledge of the business nor of its then condition, having been married to Samuel after his removal to San Francisco. The consideration of this release was $50, and there was executed at the same time a paper, signed by Henry, as follows: "Everett 10, 9, 1907. On December 1st I agree to pay to Samuel Salhinger $25 each month." Henry was then at San Francisco, and it is asserted that the dating of this last writing at Everett was a part of Henry's scheme to cheat and defraud appellant and to enable him to better escape the payment of the amount called for. Upon Henry's obtaining this release, he returned to Everett, and on October 16, 1907, his attorneys made a motion to dismiss the action, based upon the written release and discharge executed by appellant, which motion was granted on the 24th day of October, 1907. On May 29, 1908, appellant filed his petition to vacate this judgment of dismissal, in which he recited many of the facts above set forth, and on January 30, 1909, he filed an amended petition, supported by affidavits from acquaintances and relatives, in which is set forth his weakened mental and physical condition, his susceptibility to influence, and other matters above referred to. In addition, he says that Henry assured him, at the time of the execution of the discharge, that the business was unremunerative, yielding only a living to Henry, and that the continuation of the lawsuit would mean the ruination of the business and of Henry's financial standing and credit, and would result in no good to appellant; that be-

lieving all of Henry's statements and representations to be true, and that he had been misinformed as to the real facts when he commenced his action, and relying upon Henry's assertion of his honesty and good faith, his weakened physical and mental condition rendering him easily persuaded, his scruples and doubts of his brother's treatment of him were overcome and he signed the discharge. The petition sets forth the value of the partnership property as the sum of $60,000. It also averred that none of the monthly payments of $25 have been paid. It has been necessary to set forth so much of the petition to properly discuss the alleged error in the sustaining of the demurrer, inasmuch as the demurrer went to the entire petition.

The requirement of the statute, where a plaintiff seeks to vacate a judgment, is that such vacation be not had until it is adjudged "that there is a valid cause of action." If, then, the facts set forth in this petition, if true, entitle appellant to the relief therein sought, determined not as an exact, absolute finding, but only to the extent that they show *prima facie* the right to substantial relief, it was a sufficient showing as against a demurrer, and the court below should have so ruled. The facts alleged disclose that Samuel and Henry Salhinger were brothers and copartners, a two-fold fiduciary relation, the one resting in ethics, the other in law; and while the court need not in this particular case concern itself with the ethical relation, the legal one presents, to our mind, when viewed with its attendant allegations, sufficient *prima facie* showing to render it good as against a demurrer. There is no stronger fiduciary relation known to the law than that of a copartnership, where one man's property and property rights are subject to a large extent to the control and administration of another.

"If fiduciary relation means anything, I cannot conceive a stronger case of fiduciary relation than that which exists between partners. Their mutual confidence is the life blood of the concern. It is because they trust one another that

they are partners in the first instance; it is because they continue to trust one another that the business goes on. These properties of partnership render it eminently a relation of trust. All its effects are held in trust, and each partner is, in one sense, a trustee for the newly created entity, the partnership, and for each member of the firm, who thus becomes a beneficiary under the trust." Parsons, Partnership (4th ed.), §158, and note 2.

In this relation is established the requirement of utmost good faith, and it follows that no partner may deceive his copartners for his benefit and their injury, either by false representations or by concealment. It was, therefore, the duty of Henry Salhinger, in effecting a settlement with his brother, to disclose to him fully the condition of the partnership affairs, so that in determining the nature and terms of his settlement Samuel might be as fully apprised of the real facts and true condition as Henry himself. This, according to the petition, he did not do; rather is it charged he sought to conceal the true situation; and knowing his brother's physical and mental weakness, he kept him away from his friends and advisers, misrepresenting the true condition of the partnership business, asserting as a failure and profitless concern that which it is said in truth was prosperous and of the value of $60,000. The advantage thus gained the law will not permit to be retained; for, as is said in *Roby v. Colehour*, 135 Ill. 300, 337, 25 N. E. 777, quoting Mr. Pomeroy:

"Whenever two persons stand in such a relation that, while it continues, confidence is necessarily reposed by one, and the influence which naturally grows out of that confidence is abused, or the influence is exerted to obtain an advantage at the expense of the confiding party, the person availing himself of his position will not be permitted to retain the advantage, although the transaction could not be impeached if no confidential relation had existed."

Mr. Pomeroy, in speaking of this rule, says:

"It is settled by an overwhelming weight of authority that the principle extends to every possible case in which a fidu-

ciary relation exists *as a fact*, in which there is confidence reposed on one side, and the resulting superiority and influence on the other." 2 Pomeroy, Equity Jurisp. (3d. ed), §956.

In using the above language, Mr. Pomeroy is speaking of equitable interference, but the reason of the law and the law itself is the same, as applied to actions of this character, whether the right sought to be enforced springs from statutory or equitable authority. The demurrer confessed as true all facts well pleaded, and the facts set forth meet every essential element of fraud. The representations as to the value of the property at the time of obtaining the discharge were statements of material facts. Those statements, it is asserted, were made with intent to defraud, and were knowingly false; that appellant believed them to be true, and relying upon such belief signed the discharge; and that he was deceived to his injury.

Respondents argue that, at the time of the settlement, the complaint shows appellant had full knowledge of the condition of the partnership and of its value, but such contention ignores the allegations of the petition as to the circumstances under which the discharge was obtained, and how it is asserted that appellant's belief as to that condition was fraudulently overcome by the misrepresentations of respondent as to the real condition, and how, in confident reliance upon the true condition being shown him by his brother, appellant executed the discharge. It might well be added that, if appellant was too confiding in assuming that his brother would not deceive him, it is not for respondent, charged with a betrayal of that confidence, to reproach him with or take advantage of it. We are of the opinion that, reading into the petition the relation existing between these two brothers, the trust and confidence imposed by law, and the duty of full disclosure of the true financial condition of the partnership at the time of the settlement, the petition states *prima facie* grounds for the vacation of the judgment of dismissal, and the court below was in error in sustaining the demurrer.

The judgment is reversed, and the cause remanded with instructions to overrule the demurrer, and for further proceedings.

RUDKIN, C. J., GOSE, CHADWICK, and FULLERTON, JJ., concur.