[No. 9133.    Department One.    January 7, 1911.]

## J. R. PICKLE, *Appellant,* v. LINCOLN COUNTY STATE BANK *et al., Respondents.*[1]

FRAUD—EVIDENCE TO ESTABLISH—SUFFICIENCY.   Fraud in an accounting and settlement, which resulted in the plaintiff's execution of a note and mortgage for $11,000 for the balance found due, is not established by clear and convincing testimony, where the plaintiffs claimed that the note was represented to them as being drawn for $1,100, and they knew at the time that they were indebted in a much larger sum, and the evidence of the defendants indicates that the original accounting was correct.

Appeal from a judgment of the superior court for Lincoln county, Kennan, J., entered January 22, 1910, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action for an accounting.   Affirmed.

*John M. Gleeson* and *Joseph F. Morton,* for appellant.

*H. J. Hibschman* and *Sessions & Warren,* for respondents.

PER CURIAM.—This is a bill in equity for an accounting. There was a judgment for the defendants.   The plaintiff has appealed.

The complaint alleges, in substance, that the respondents induced the appellant to execute a note and mortgage for $11,000, upon the representation that they were drawn for $1,100, and that the latter amount represented the entire indebtedness of the appellant to the respondents.   It appears from the evidence that there was a settlement between the parties on June 6, 1908.   At that time the appellant and his wife executed their note and mortgage for $11,093.   The appellant and his wife and the respondents on the same day signed a statement that they had settled and adjusted all their prior business transactions; that there was due

[1]Reported in 112 Pac. 654.

from the appellant and his wife $11,093, and that they would
execute their note and mortgage for that amount. Some
time after the settlement was completed, a representative of
the appellant demanded a further statement from the re-
spondents, and they said to him that they would furnish it
if the appellant and wife would produce their bank books
and checks, and that if appellant and wife desired, they
would have the bank books examined and an account made
by an expert accountant. This offer was not accepted. At
a later date the books of the bank were examined by an
attorney for appellant, and he reported to appellant and
wife that if there was any discrepancy in the accounts, it
was in their favor.

One of the respondents, while being cross-examined, several
times stated that there was a record of the matters which
made up the $11,093, and that with very little delay he
could produce it. But appellant insisted upon his stating
the transactions without the aid of the books. The witness
finally said: "I should think if you wished to know, I could
get it for you in a minute." He, however, did give a state-
ment from memory which showed that, on the day of the
settlement, the appellant and wife were owing a number of
notes and an overdraft which, including a judgment against
them and paid by the respondents, aggregated about $11,000.
At the close of the case, the court said: "I am of the opinion
that Mr. Pickle's testimony is utterly unworthy of belief,
and that there has been an utter failure to show any fraud
in that settlement, and that the defendants are entitled to
judgment." It appears from the testimony of the appellant
and wife that they knew that a much larger amount than
$1,100 was due at the date of the settlement. Moreover,
they knew that the respondents paid for them on that date
in satisfaction of a judgment, and an attorney's fee, the
sum of $2,250. As the learned trial court aptly said, they
knew that if the note and mortgage were drawn for $1,100,
there was a mistake in their favor, and common honesty

demanded that they should have had it corrected. Fraud is never presumed, but must be established by clear and convincing evidence. This is especially true where a party assails the integrity of written instruments. The trial court saw the witnesses, observed their manner while testifying, and arrived at the conclusion that the appellant failed to make a case which warranted an accounting. A careful reading of the evidence has failed to convince us that he was in error.

The judgment is affirmed.