[No. 11048.   Department One.   March 28, 1914.]

IDA BAHRS, *Respondent*, v. W. S. RUNKLE *et al.*, *Appellants.*[1]

EXCHANGE OF PROPERTY—FRAUD—EVIDENCE—SUFFICIENCY.   A re-
scission of a trade of farm property for an apartment house and
furniture cannot be had for misrepresentations as to the ownership
of two pianos, where the ownership was disclosed during the pen-
dency of the negotiations, and they were not included in the papers
executed, to which no serious objection was made at the time.

SAME.   Fraud, warranting the rescission of a trade of farm
property for an apartment house, is not established by clear and
convincing evidence as to misrepresentations as to the income from
the apartment house, or as to the number of rooms that were va-
cant, where the defendant's testimony sustains the verity of lists
furnished showing the income, and the evidence as to whether there
were five or seven vacancies was in dispute, and some confusion
arose by reason of changes pending the negotiations.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered October 29, 1912, upon find-
ings in favor of the plaintiff, in an action for specific per-
formance.   Affirmed.

*Ramey & Smith*, for appellants.

*Walter B. Beals* and *G. E. Steiner*, for respondent.

MAIN, J.—The plaintiff brought this action for the pur-
pose of enforcing specific performance of a contract wherein
the defendants agreed to exchange certain real property in
the town of Prosser, Washington, for a leasehold interest
and certain furniture owned by the plaintiff in Seattle.   The
defendants claimed that the contract had been induced by
fraud, and sought rescission.   The cause was tried to the
court without a jury.   Judgment was entered decreeing
specific performance.   The defendants have appealed.

On the 27th day of May, 1911, the defendants contracted
to exchange the Prosser property for a leasehold interest and
the furniture of an apartment house in Seattle.   On this day,

[1]Reported in 139 Pac. 637.

the defendants executed a deed, and the plaintiff, a bill of sale, both of which were placed in escrow until the arrival and approval of the abstract of title to the real estate. The negotiations leading up to this exchange began about a week previous. The defendants throughout the negotiations had the advice and assistance of an agent who represented them. The plaintiff acted for herself and through an agent.

The appellants claim that there was misrepresentation by the respondent, first, as to the ownership of certain furniture in the apartment house; second, as to the amount of rent being received; and third, as to the number of apartments which were vacant.

The chief articles of furniture which were in dispute were two pianos. The evidence on behalf of the respondent shows that, during the pendency of the negotiations, the appellants were informed that the articles now in dispute were not owned by the respondent. The appellants claimed that they understood these articles were to be included in the transfer. It is not denied that, after the papers were executed and prior to the time possession was taken, the appellants became aware that the disputed articles were not included, and they made no serious objection thereto.

On the matter of the amount of income the apartment house would produce, two lists were furnished, one, as claimed by the respondent, showing the winter rates, and the other the summer rates. The latter were somewhat less than the former. At the time the transaction occurred, the time for putting into effect the summer rates was near at hand; in fact, some reductions had already been made for the month of May. The appellants claim that the summer rates were less than as indicated upon the statement given them. The respondent's evidence sustains the verity of each list.

There is also a controversy over the number of apartments which were vacant. When the negotiations began, the evidence of both parties seems to be in accord that there were five vacancies. The total number of apartments were twenty-

one.  The appellants testified that, at the time they took pos-
session, seven were vacant.  This is disputed  by the respond-
ent's evidence.   There seems to have been some confusion over
this question, arising from the fact that one or two tenants
occupying certain apartments when the appellants were  first
shown the property, during the pendency of the negotiations
had moved into apartments which were vacant.   Some claim
is also made that during the pendency of the negotiations
the appellants had been told that one of the vacant apart-
ments would be occupied by a tenant the following Monday,
and that he would bring with him a friend who would take
still another one.   At the time possession was taken, the
apartments to which this testimony had reference were not
occupied.

The evidence offered by the respective parties was not in
harmony.   It is a well known rule that the party charging
fraud must prove it by evidence which is clear and convinc-
ing.   From a careful consideration of all the evidence, we
think the charge of fraud has not been sustained.

One or two additional questions of minor importance are
presented.   But we find no error in the conclusion reached
by the trial judge.

The judgment will be affirmed.

CROW, C. J., ELLIS, CHADWICK, and GOSE, JJ., concur.