[No. 14315.   En Banc.   July 10, 1918.]

O. KITTILSBY, *Appellant*, v. SVERRE VEVELSTAD *et al.,
Respondents.*[1]

MINES AND MINERALS—PARTNERSHIPS—FRAUD—ACCOUNTING. Where
an equal partner in a mining claim promised to do the assessment
work and his copartner relied thereon, and he defaulted and secret-
ly obtained title for himself by having another file on the same and
adjoining claims, he held all the claims in trust for his copartner,
and upon a sale must account for a half interest in the proceeds.

Cross-appeals from a judgment of the superior court
for King county, Tallman, J., entered March 21, 1917,
upon findings in part favorable to the plaintiff, in an
action to recover partnership funds, tried to the court.
Reversed on plaintiff's appeal.

*Robert A. Devers,* for appellant.

*Lyons & Orton,* for respondent Vevelstad.

*Ballinger & Hutson,* for respondent Morris.

HOLCOMB, J.—In 1911, plaintiff and one Vevelstad,
while prospecting, discovered a mining claim known as
the Sea Level claim, in Sitka Mining District, Alaska.
Vevelstad not being a citizen, plaintiff located and filed
on it for their mutual benefit.   They did the assessment
work for 1912; plaintiff did it for 1913; Vevelstad
promised that he would have it done for 1914, and
plaintiff, relying on this promise, went to Seattle.   The
work for 1914 was not done as promised, and the claim

[1]Reported in 173 Pac. 744.

became open to location again in January, 1915. Vevelstad procured one Singleton, who was merely to act for him and wholly for his benefit, to locate a claim covering practically the same claim as one of original discovery. On August 30, 1915, Singleton conveyed the legal title to Vevelstad for a nominal consideration. Plaintiff, believing that the 1914 assessment work had been done as promised, had no knowledge of these acts. On August 27, 1915, Vevelstad and one Fleming located three other claims adjoining the one located by Singleton. Vevelstad's one-half interest in these claims and the one procured through Singleton were, by Fleming's option agreement, on November 17, 1915, sold to the Juneau Sea Level Copper Mines for $10,-000, to be paid to Vevelstad, of which $5,000 was paid before the commencement of this action, and $5,000 deposited in court. On December 5, 1916, this action was commenced, and thereafter, before trial, the claims were sold by the Juneau Sea Level Copper Mines to C. L. Morris, who has been substituted for it as a defendant. Plaintiff seeks recovery of the sum of $5,000, being one-half of the purchase price of the claims sold by Vevelstad. The trial court awarded plaintiff $500, and in effect quieted title to the mining claims in C. L. Morris. Plaintiff, Vevelstad, and Morris have appealed. This is not a suit involving the title to the relocated claims, and Morris' appeal will, therefore, not be considered.

Plaintiff contends that the trial court erred in refusing to award him a judgment in a larger amount, while Vevelstad contends that the court erred in awarding plaintiff a judgment.

The evidence as to the 1914 assessment work and Vevelstad's promise to plaintiff to do it for that year is conflicting; but we are convinced that such promise was made, and under such circumstances as to lead

plaintiff to rely thereon. There is conflicting evidence that the Sea Level claim was unsalable without the other three claims, but to the same extent there is evidence that the three additional claims are worthless without the Sea Level claim. Be that as it may, plaintiff and Vevelstad were mining partners; therefore, whatever additional interest Vevelstad obtained was for the benefit of the partnership, unless we should hold that the acts of Vevelstad dissolved the partnership for all purposes. It is manifest that the location of the new claim by Singleton at the request of Vevelstad was for the purpose of defrauding plaintiff out of any interest in it he might claim. Plaintiff and Vevelstad were partners in a joint venture of prospecting and locating mines. Vevelstad knew that, if the assessment work for 1914 was not performed, the claim would be open for location. His failing to do the work as promised, and his secret method of obtaining the claim through the instance of Singleton, cannot be sanctioned. Good faith would require him to notify his partner that the assessment work as promised by him would not be performed. Whether the original location was forfeitable by the government in 1915 is immaterial, for, as between the parties, the forfeiture condition was created by the fraud of Vevelstad. Story, Partnership (7th ed.), § 172, states the rule concerning the relation of partners to each other as follows:

"Good faith not only requires that every partner should not make any false representation to his partners, but also that he should abstain from all concealments which may be injurious to the partnership business. If, therefore, any partner is guilty of any such concealment, and derives a private benefit therefrom, he will be compelled in equity to account therefor to the partnership."

"There is no stronger fiduciary relation known to the law than that of a copartnership, where one man's property and property rights are subject to a large extent to the control and administration of another." *Salhinger v. Salhinger,* 56 Wash. 134, 105 Pac. 236.

Parsons, Partnership (4th ed.), § 158, and note 2, lays down the rule as follows:

"If fiduciary relation means anything, I cannot conceive a stronger case of fiduciary relation than that which exists between partners. Their mutual confidence is the life blood of the concern. It is because they trust one another that they are partners in the first instance; it is because they continue to trust one another that the business goes on. These properties of partnership render it eminently a relation of trust. All its effects are held in trust, and each partner is, in one sense, a trustee; a trustee for the newly created entity, the partnership, and for each member of the firm, who thus becomes a beneficiary under the trust."

These principles are sustained and applied by this court in *Finn v. Young,* 46 Wash. 74, 89 Pac. 400; *Id.;* 50 Wash. 543, 97 Pac. 741; *Causten v. Barnette,* 49 Wash. 659, 96 Pac. 225; *Salhinger v. Salhinger, supra,* and *Galbraith v. Devlin,* 85 Wash. 482, 148 Pac. 589.

The requirement of the utmost good faith forbids that a partner benefit his private interest by deceiving his copartner by misrepresentations or concealments of the confidential relation. This is a suit for the proceeds of the sale of the partnership property; in other words, for a division of the partnership funds, and not for a division of the mining claims. Equity requires, therefore, that Vevelstad pay to the plaintiff one-half of the $10,000, or $5,000, with costs. Appellant Morris will not be disturbed in his title, but he will recover no costs.

Reversed, with instructions to enter judgment in conformity herewith.

MAIN, C. J., CHADWICK, FULLERTON, MOUNT, TOLMAN, MITCHELL, and MACKINTOSH, JJ., concur.