[No. 17654.  Department Two.  April 30, 1923.]

STATE BANK OF GOLDENDALE, *Respondent*, v.
J. N. BEEKS *et al., Appellants.*[1]

FRAUD (25)—TRIAL (55-2) — EVIDENCE — SUFFICIENCY — TAKING
CASE FROM JURY.  Upon an issue of fraud in inducing plaintiff to
make a chattel mortgage loan on property not owned by defendant,
it is error to direct a verdict for the plaintiff upon his uncontra-
dicted testimony, the defendants offering none, where the facts
proven, of themselves do not establish fraud, and reasonable men
might differ as to the inference to be drawn.

Appeal from a judgment of the superior court for
Klickitat county, Kirby, J., entered May 17, 1922, upon
the verdict of a jury rendered in favor of the plaintiff
by direction of the court, in an action for damages for
fraud.  Reversed.

*Charles F. Bolin, Rigg & Venables,* and *A. W.
Hawkins,* for appellants.

*John R. McEwen, J. D. Akins,* and *W. H. Wilson,* for
respondent.

TOLMAN, J.—Respondent, as plaintiff, by its second
amended complaint in this cause, upon which the case
went to trial, alleged that the defendant Beeks, on
August 21, 1919, procured from it a loan of $9,000, evi-
denced by his note for that amount; that, as a part of
the same transaction, and to secure the payment of the
note, Beeks made and delivered to it a chattel mortgage
on 199 head of cattle therein described; that, at the
time of the execution and delivery of the mortgage,
Beeks owned none of the cattle described in the mort-
gage, and that the defendant Redlinger conspired with
Beeks in deceiving the plaintiff with reference to such
security, and in defrauding the plaintiff of the amount

[1] Reported in 214 Pac. 817.

so loaned, except a portion which was repaid, and judgment was demanded against both defendants to the extent of the amount unpaid upon the note, together with interest thereon.

Upon the trial below, the plaintiff introduced in evidence its note and mortgage, and the testimony of certain witnesses, largely covering thereby the testimony of the defendants which had been given on a former trial of this case, and on the trial of a certain cause instituted in the name of the state against J. N. Beeks, and then rested. The defendants introduced no evidence. Thereupon the plaintiff moved for a directed verdict against both defendants in the sum of $4,800, and after argument of counsel on both sides, this motion was, by the court, granted, and from a judgment entered on the directed verdict, the defendants have appealed.

It would take considerable space and serve no good purpose to set forth in full the evidence introduced, and anything less than a full statement of such evidence would not be enlightening. It is therefore perhaps sufficient to say that we have carefully considered and weighed all of the evidence, and while we have no doubt that it was sufficient to sustain a verdict, yet it does not so conclusively establish the fraud pleaded that the minds of reasonable men might not differ in the conclusions to be drawn therefrom. The facts proven, in and of themselves, do not establish fraud, and from these facts one man might infer that the fraud was intended and consummated, while another might draw the inference that the appellants acted in good faith and intended no fraud. So, while the jury would have been abundantly justified in drawing the inference that fraud was intended and consummated, the court erred in ruling that such inference must be drawn as a matter of law.

The law is well settled that fraud is never presumed, but must be established by clear and convincing proof; *Pickle v. Lincoln County State Bank,* 61 Wash. 545, 112 Pac. 654, and since the jurors are the sole judges of the facts and the inferences to be drawn from the established facts, and since here, while the ultimate facts were not in dispute, yet reasonable men might differ as to the inferences to be drawn from those facts, the jury should have been permitted to consider the evidence and draw its own inferences therefrom.

Error is assigned also upon the refusal of the court to grant appellant's motion for judgment notwithstanding the verdict. The record fails to show that such a motion was interposed, but in any event, as hereinbefore indicated, we think the evidence was sufficient to take the case to the jury, and it was not error to deny the motion, if made.

Because of the error in directing the verdict, the judgment is reversed and the cause remanded for a new trial.

MAIN, C. J., FULLERTON, MACKINTOSH, and PEMBERTON, JJ., concur.