[No. 17987.     Department One.     August 2, 1923.]

R. PETKOVITS, *Appellant,* v. GEORGE T. HUESSY *et al., Respondents.*[1]

EVIDENCE (143)—PAROL—CONTRADICTING WRITTEN INSTRUMENTS. Parol evidence is inadmissible to contradict the recital in a deed that it was given for the purpose of "cancelling and fully satisfying" a certain written trust agreement, the record of which was referred to in the deed, which was plain and unambiguous.

Appeal from a judgment of the superior court for King county, Truax, J., entered November 17, 1922, discharging a jury and dismissing, on the merits, an action to recover the proceeds of real estate, under a trust agreement. Affirmed.

[1] Reported in 217 Pac. 41.

*H. E. Foster,* for appellant.

*Edward Von Tobel* and *Frank A. Steele,* for respondents.

BRIDGES, J.—The basis of the plaintiff's suit was a written trust agreement, executed by himself and Ferdinand Hochbrunn, of Seattle, dated February 21, 1903. The substance of this agreement was that Hochbrunn held the legal title to certain real estate in King county, Washington, in trust for the plaintiff, and that, when the property should be sold, the plaintiff, out of the proceeds of the sale, should· first receive $21,000, the purchase price paid by him, and that Hochbrunn should next be reimbursed for any sums he might have paid for taxes, etc., and the balance should be equally divided between them. After alleging the trust agreement, the complaint states that thereafter Hochbrunn, without the knowledge or consent of the plaintiff, sold the property for fifty thousand dollars, and converted all of the proceeds to his own use; that such sale was made in December, 1916, and that the plaintiff did not learn of such sale until after Hochbrunn's death in October, 1921. It is further alleged that the plaintiff duly filed his claim with the executor of the Hochbrunn estate for the sum of $35,500, and that it was disallowed; and by this action he seeks to recover that sum.

The answer denied practically all of the complaint, except that it admitted that Hochbrunn owned the property in question and sold the same for fifty thousand dollars, and affirmatively plead the execution by the plaintiff and Hochbrunn of the trust agreement above mentioned, and that, in June, 1911, the plaintiff executed and delivered to Hochbrunn his deed to the property, thereby destroying the trust agreement and

vesting the title in Hochbrunn. The reply admitted the execution and delivery of the deed, but alleged that the only purpose of so doing was that Hochbrunn might be able to dispose of the property to greater advantage.

Early in the trial, the trust agreement and deed were admitted in evidence. The appellant offered, and the court received, over the objections of the respondent, considerable testimony tending to show that, after the execution of the deed, Hochbrunn had admitted that the appellant had an interest in the property in question and that the sole purpose of giving the deed was to facilitate the sale and transfer of the property.

The deed was in the usual form except for the following clause therein:

"This instrument is executed for the purpose of cancelling and fully satisfying an agreement made February 21, 1903, between the first two parties [appellant and wife] Ferdinand Hochbrunn and Ranko Petkovits [appellant] said Petkovits being unmarried at the time. See Vol. 523, Deeds, page 50."

The trust agreement shows that it was recorded in the volume and at the page last mentioned.

The case was tried to a jury. At the conclusion of the testimony, the court determined that the case was one in equity and discharged the jury, stating that, in its opinion, the testimony concerning the making and giving of the deed had been improperly received and, as a matter of law, ought not to be considered, further stating:

"So I have decided to take the case from the jury, and in the court's opinion, upon the evidence as a whole, even if the evidence that was received as to the intent of the quitclaim was competent, the plaintiff has not made out a case according to the evidence, and the law will not permit him to prevail, so the case will be taken from the jury and a decree will be entered for the defendants."

Judgment was thereafter entered dismissing the action. The plaintiff has appealed.

In his brief and also in his oral argument, appellant seems to assume that the trial court refused to consider his testimony concerning the purpose of the giving of the quitclaim deed, and found against him for that reason. For the present we will assume that in this he is correct. It is our view that the deed had the legal effect of vesting the complete legal title in Hochbrunn, and forever annulling and destroying the trust agreement. To allow oral testimony to the effect that the trust agreement continued to live after the execution of the deed, and that the sole purpose for the execution and giving of the latter was to facilitate the sale and transfer of the title, would be to contradict the exact and express terms of the deed itself; for, as previously noted, that instrument recites that it was given for the purpose of "cancelling and fully satisfying" the trust agreement. The oral testimony would not only contradict the express terms of the deed, but would make it inoperative, and to allow oral testimony which would accomplish these things would be in direct violation of the fundamental rules of law.

In the case of *Parke v. Case,* 113 Wash. 263, 193 Pac. 688, we said:

"In support of certain allegations in the complaint the appellant, attempted to show that the deed was not intended for what upon its face it purported to be, nor to deprive him or the community of an interest in the property. The court refused to allow such testimony, and we think properly so. The instrument was plain, positive and unambiguous. Evidently the testimony offered was for the purpose of contradicting the written instrument, and to defeat its operative effect. It was therefore inadmissible."

In *Morris v. Healy Lumber Co.,* 46 Wash. 686, 91 Pac. 186, we said:

"While it is permissible for certain purposes to show by parol what the actual consideration was upon which a deed is founded, it is never permitted where the purpose of the evidence is to annex a condition to the instrument not expressed in it. Here the purpose of the oral evidence was to show that the grant was made upon a condition that would defeat its operative effect, and for this purpose parol evidence is inadmissible."

To the same effect see *Wright v. Stewart,* 19 Wash. 179, 52 Pac. 1020; *Union Machinery & Supply Co. v. Darnell,* 89 Wash. 226, 154 Pac. 183; *Erfurth v. Erfurth,* 90 Wash. 521, 156 Pac. 523.

If there be eliminated from appellant's testimony that which we have held was improperly received, there is very little left which could support a judgment for the appellant, and the great preponderance of the evidence would be in favor of the judgment as entered.

Having come to the conclusion that the objectionable testimony may not be considered, it is not necessary to refer to other questions presented in the briefs, such as the statute of limitations and laches. Judgment affirmed.

MAIN, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.