NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 31 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HERBERT R. PEARSE, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> FIRST HORIZON HOME LOAN CORPORATION; NATIONSTAR MORTGAGE, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BANK OF NEW YORK MELLON F/K/A BANK OF NEW YORK, AS TRUSTEE FOR FIRST HORIZON MORTGAGE PASS-THROUGH TRUST 2007-AR3; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, <br><br> Defendants-Appellees. | No. 16-35935 <br><br> D.C. No. 3:16-cv-05627-BHS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted May 18, 2018
Seattle, Washington

Before: BERZON and HURWITZ, Circuit Judges, and DEARIE,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Raymond J. Dearie, United States District Judge for the Eastern District of New York, sitting by designation.

Herbert Pearse appeals an order dismissing, for failure to state a claim upon which relief can be granted, his complaint against various defendants for wrongful foreclosure, fraud, and violation of the Washington Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86.010 *et seq*. We affirm.

1. Because no foreclosure sale occurred, any wrongful foreclosure claim necessarily fails. *Frias v. Asset Foreclosure Servs., Inc.*, 334 P.3d 529, 537 (Wash. 2014).

2. Pearse's complaint alleged that First Horizon Home Loan Corporation ("First Horizon"), the loan originator, violated the CPA and committed fraud by (1) refusing to modify his loan after promising to do so; (2) listing Mortgage Electronic Registration Systems ("MERS") as a beneficiary on the deed of trust; and (3) later assigning its interest in the note and deed of trust to a securitized trust. The complaint alleges that MERS, the original beneficiary on the deed of trust, violated the CPA and committed fraud because (1) the deed of trust improperly listed it as beneficiary and (2) MERS later assigned an interest in the deed of trust to Bank of New York Mellon ("BNYM") that it did not legally possess. Fraud claims are subject to a three-year statute of limitations, Wash. Rev. Code § 4.16.080(4), and CPA claims to a four-year statute, Wash. Rev. Code § 19.86.120. These statutes begin to run "when a party has the right to apply to a court for relief," *Shepard v. Holmes*, 345 P.3d 786, 790 (Wash. Ct. App. 2014) (quoting *O'Neil v. Estate of*

*Murtha*, 947 P.2d 1252, 1254 (Wash. Ct. App. 1997)), or, alternatively, "when the plaintiff, through the exercise of due diligence, knew or should have known the basis for the cause of action," *Shepard*, 345 P.3d at 790 (quoting *Green v. Am. Pharm. Co*, 925 P.2d 652, 655 (Wash. Ct. App. 1997)).

The district court correctly found the fraud and CPA claims against First Horizon and MERS time-barred. At the latest, Pearse was on notice of First Horizon's refusal to modify the loan terms in June 2011, when he received a letter from First Horizon indicating that it intended to foreclose. At that point, reasonable diligence—a review of the recorded deed of trust—would have disclosed that MERS was the named beneficiary. *See Green v. Am. Pharm. Co.*, 960 P.2d 912, 916 (Wash. 1998) (finding plaintiff "is deemed to have notice of all acts which reasonable inquiry would disclose") (quoting *Hawkes v. Hoffman*, 105 P. 156, 158 (Wash. 1909)); *Shepard*, 345 P.3d at 790 ("[T]he public record serves as 'constructive notice to all the world of its contents.'") (quoting *Davis v. Rogers*, 222 P. 499, 501 (Wash. 1924)). Similarly, Pearse should have been aware of the putative assignment by MERS to BNYM no later than October 18, 2011, when the second such assignment was recorded. *See Shepard*, 345 P.3d at 790 (stating that discovery is inferred "where the facts constituting the fraud were a matter of public record"). Pearse did not file his complaint until June 10, 2016.

3. Pearse's CPA claims against BNYM are grounded in the theory that

BNYM improperly appointed the successor trustee that noticed a foreclosure sale, because BNYM was not the legal holder of the note at the time of appointment. The district court correctly rejected those claims.

A. Pearse alleged that because the deed of trust improperly listed MERS as a beneficiary, all subsequent assignments of MERS's alleged beneficial interest in the deed of trust and the promissory note were void. Although "a CPA action may be maintainable" when MERS has "act[ed] as an unlawful beneficiary," "the mere fact MERS is listed on the deed of trust as a beneficiary is not itself an actionable injury." *Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 49, 52 (Wash. 2012). And, interests in negotiable instruments are freely transferrable under Washington law. Wash. Rev. Code § 62A.3-203. Pearse's promissory note was endorsed in blank, and thus payable to any possessor. *See* Wash. Rev. Code § 62A.3-205(b) ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."). Indeed, the deed of trust expressly contemplates assignment, naming MERS the beneficiary as "nominee for Lender and Lender's successors and assigns"; similarly, the note expressly contemplates transfers, indicating that Pearse "understand[s] that Lender may transfer this Note." If BNYM actually possessed the note at the time of appointment of the successor

trustee—and Pearse did not allege otherwise in his complaint[1]—it was the beneficiary, and the appointment conformed to Washington law. *See* Wash. Rev. Code § 61.24.005(2); *Trujillo v. Nw. Tr. Servs., Inc.*, 355 P.3d 1100, 1105–06 (Wash. 2015).

B. Nor may Pearse argue that the defendants' alleged violations of the securitized trust's pooling and servicing agreement voided the assignments, note, or deed of trust. Pearse lacks standing to assert claims based on the securitized trust agreement, to which he was not a party. *Deutsche Bank Nat'l Tr. Co. v. Slotke*, 367 P.3d 600, 606 (Wash. Ct. App. 2016).

4. The complaint makes no allegations of deceptive conduct by Nationstar Mortgage, LLC, the loan servicer, sufficient to give rise to CPA liability. *See Trujillo*, 355 P.3d at 1107 (requiring a causal link between the act complained of and the injury suffered). Rather, his only claim is that Nationstar could not seek payments because the purported transfer from MERS to BNYM had voided the promissory note, deed of trust, and later assignments. The district court correctly rejected that argument for the reasons stated above.

**AFFIRMED.**

---

[1] The district court afforded Pearse the opportunity to amend his complaint, and Pearse declined to do so, instead filing a notice of appeal before the time allowed by the court for amendment had expired.