[No. 7565.   Decided April 12, 1909.]

HONORA GARVEY, *Respondent*, v. ANDREW GARVEY,
*Appellant*.[1]

QUIETING TITLE—RELIEF—RECOVERY OF POSSESSION—EJECTMENT.
Where a plaintiff, out of possession, brings an action to cancel her
deeds to a grantee in possession and to quiet her title to the prop-
erty conveyed, the action is essentially one to recover possession, in
which the court may quiet title and award possession.

QUIETING TITLE—PLEADING—DEFENSES NOT PLEADED—ISSUES—
JUDGMENT—EFFECT. Under Bal. Code, § 5508, requiring the defendant
in an action to quiet title to set up his claim, and § 5509, excluding
evidence of any estate not pleaded in the answer, the offer in evi-
dence at the trial of a deed not pleaded, nor recorded when the suit
was commenced, comes too late, and the court may refuse to allow
an amendment; and judgment quieting title has the effect to vacate
the deed recorded after action brought.

LIMITATION OF ACTIONS—ACCRUAL—TRUSTS—CESSATION OF TRUSTS
—CANCELLATION OF INSTRUMENTS. The statute of limitations does not
run against an action the gist of which was to set aside a deed to
grantor's son, made in trust upon false representations, until the
son repudiates the trust; although there were some allegations of
fraud and undue influence, and an action for relief on the ground
of fraud is to be commenced within three years after discovery of
the fraud.

CANCELLATION OF INSTRUMENTS—WANT OF CONSIDERATION—DIS-
AVOWAL OF TRUST. Deeds made by a mother to her son, without con-
sideration and in trust so that she might not lose the property, are
properly set aside at her suit when the son disavows the trust.

GIFTS—EVIDENCE OF INTENT—SUFFICIENCY. Furnishing money to
buy lots and build a house; by three children, is sufficiently shown
to have been with intent to make a gift thereof to their mother, to
whom deed was made, where she and her daughter so testify, as
against the testimony of one son to the contrary.

Appeal from a judgment of the superior court for Spo-
kane county, Kennan, J., entered February 7, 1908, upon
findings in favor of the plaintiff, after a trial before the
court without a jury, in an action to quiet title.   Affirmed.

*O. C. Moore*, for appellant.

*Del Cary Smith* and *L. J. Birdseye*, for respondent.

[1]Reported in 101 Pac. 45.

MOUNT, J.—The plaintiff brought this action to set aside two certain deeds, executed by her to the defendant for certain real estate, in the city of Spokane, and to quiet title against the claims of the defendant. After issues were joined and a trial had to the court without a jury, findings were made in favor of the plaintiff, and a decree entered cancelling the deeds and declaring that the defendant had no right in ·or title to the property, and quieting title in the plaintiff. The defendant has appealed from that decree.

The main facts are as follows: Respondent is the mother of the appellant. At the time this action was begun, in the year 1907, the respondent was a widow seventy-four years of age. She had no property except the real estate in question. She had been supported many years by her three children, viz., Thomas Garvey, Nora Nickerson, and Andrew Garvey, the appellant. In the year 1901, the three children, in order that the old lady might have a home of her own, concluded that they would purchase for her a lot in Spokane and construct a small house thereon. The money for the purchase of the lot was furnished by the son Thomas Garvey. The lot in question was purchased by Mrs. Nickerson, and the deed therefor was made by the vendor direct to the respondent. Thereupon Mrs. Nickerson furnished a part of the money to construct the little house, and part was furnished by Thomas Garvey, and a part by the appellant. When the house was finished, the respondent and appellant lived together therein for several years.

On August 30, 1904, the respondent executed a deed of the property to her son the appellant. This deed was without consideration, and was made because of trouble between the children, the appellant telling his mother that, if she did not execute the deed to him, others would take the property from her; that if the deed was made to him the property would remain hers. Thereafter the appellant and respondent lived together in the house. In February, 1907, the respondent executed another deed for the same property to appellant.

This deed was without consideration, and respondent protested against making it, but was informed by appellant that her daughter, Mrs. Nickerson, claimed to own the property, and unless another deed was made to him the property would be eaten up in litigation; that if the deed was executed, appellant would hold the property for her as long as she lived. After this deed was made, the appellant claimed to own the property, turned his mother out, and refused to provide for her.

In November, 1907, the respondent brought this action to set aside the two deeds above mentioned, alleging the facts as above stated, and also certain threats and fraudulent representations made to her by the appellant; and prayed to have the deeds set aside and her title to the property quieted. The appellant answered, admitting that the property was originally deeded to his mother, and that she had made the two deeds above referred to, but denied all the other allegations of the complaint; and for an affirmative defense the appellant alleged, that the respondent for many years had been destitute and was a confirmed inebriate, morally and mentally irresponsible; that she had been a constant charge upon her children; that appellant and his brother Thomas Garvey furnished the money to purchase the property in question, which was conveyed to the respondent upon the express agreement that the title should remain in her name so long only as the respondent would continue to live and make her home thereon, or until such earlier time as appellant should request a conveyance of the property to himself; that the conveyances named in the complaint were made in pursuance of this agreement. The new matter alleged in the answer was denied by a reply. The appellant makes many assignments of error. They are discussed under six specific heads, and we shall notice them in the same way and order.

It is first claimed that the decree is too broad, because the real object of the suit is to determine the validity or effect of the deeds; while the decree not only vacates the deeds, but

goes further and debars the appellant from any claim of right, and quiets title to the property in the respondent. Appellant contends that this is not an action to recover possession of the property, but merely to set aside certain deeds and quiet title; that the right to possession under the statute is the principal right, and the quieting of title is a mere incident to the principal right. We think the action is essentially one to recover possession, as well as to set aside certain deeds and to quiet title. We have, however, in several recent cases departed from the rule contended for by appellant. In the case of *Carlson v. Curren*, 48 Wash. 249, 93 Pac. 315, after referring to the earlier cases, we said:

"But these cases were overruled on that point in the recent case of *Brown v. Baldwin*, 46 Wash. 106, 89 Pac. 483. In the last-cited case we held that one out of possession claiming land by an equitable title could maintain an action to quiet title against one in possession, and that in such an action full and adequate relief will be granted even to the extent of awarding possession, if such an award be necessary."

This rule is clearly applicable to the facts in this case. Here the respondent is seeking to maintain her title. The right of possession is not questioned. This right depends upon the title and, of course, follows it. In quieting title in the respondent, the court necessarily adjudicated the right of possession.

During the trial of the case, the appellant produced a deed dated June 22, 1901, from respondent to appellant. This deed was not recorded until after the action was begun. No reference was made to it in the answer. Appellant offered it in evidence at the trial, and asked leave to amend the answer so as to set it up as a defense. Both offers were refused. Appellant argues that these rulings were erroneous, and that the decree also vacates this deed without a hearing being accorded to the grantee. No doubt the decree has the effect to vacate this deed. The appellant at the time he filed his answer must have known of the deed, and if he relied upon it,

then was his time to plead it. He had an opportunity to do so, but for some reason, not disclosed, he did not then rely upon it or plead it. He was clearly too late at the trial of the case. Under chapter 1 of the Code, relating to actions for possession of and quieting title to real property, Bal. Code, § 5508 (P. C. § 1144), provides:

"The plaintiff in such action shall set forth in his complaint the nature of his estate, claim, or title to the property, and the defendant may set up a legal or equitable defense to the plaintiff's claims; and the superior title, whether legal or equitable, shall prevail."

And Bal. Code, § 5509 (P. C. § 1145), of the same chapter provides:

"The defendant shall not be allowed to give in evidence any estate in himself or another in the property, or any license or right to the possession thereof, unless the same be pleaded in his answer. If so pleaded, the nature and duration of such estate or license or right to the possession shall be set forth with the certainty and particularity required in a complaint."

This statute clearly prevented the reception of this deed in evidence at the trial. The action was brought to set aside all the deeds of record at the time the action was begun. This deed was not one of them, because it was not of record until after the action was begun, although it was executed several years before.

Appellant next argues that, as to the deed dated August 30, 1904, the action is barred by the statute of limitations. The action was begun in November, 1907. Cases are cited to the effect that an action for relief upon the ground of fraud must be brought within three years of the discovery of the fraud. It is true there are some allegations of fraud and coercion and undue influence contained in the complaint; but the gist of the averments is as the court found, that the respondent deeded the property to her son in trust, under his representation that the title would still remain in her. She retained possession and lived upon the property thereafter

until the year 1907. It was not until that year that appellant excluded her from the property and claimed the same as his own. Under these circumstances, the statute of limitations did not begin to run until the appellant disavowed the trust and claimed title in himself. 25 Cyc. 1169. The action was begun within a short time thereafter, and was not barred.

In the next two assignments it is argued that the court was not warranted in setting the deeds aside. This depends upon the facts. After a careful reading of the evidence, we are satisfied that the court correctly concluded that the deeds in question were made without consideration and in trust so that the respondent might not lose the property. If the property in fact belonged to the respondent, she did not by her deeds to appellant part with more than the legal title, and that only in trust. When the son disavowed the trust, she might recover her title. No useful purpose would be subserved by reciting the evidence in this case.

It is next argued that the facts show that the legal title stood in respondent in trust for her three children who had furnished the money for the purchase thereof; but we think it appears reasonably certain that the property was purchased as a gift from the children to the mother, and was so treated by all of them until the appellant attempted to acquire legal title by means of the deeds in controversy. At the trial the respondent and her daughter, who made the purchase and furnished part of the money for the improvements, testified directly that the property was a gift to the mother. The appellant alone testified directly to the opposite. But in view of the character of his testimony, the trial court was not impressed with his statements, and we think the trial court was justified therein.

It is argued lastly that the unrecorded deed, hereinbefore mentioned as executed in the year 1901, shows that the respondent had parted with all her title. What we have said above in regard to this deed disposes of this contention.

We find no error in the record. The judgment of the trial court appears to be right, and is therefore affirmed.

CHADWICK, FULLERTON, CROW, and DUNBAR, JJ., concur.

GOSE, PARKER, and MORRIS, JJ., took no part.