[No. 9132. Department One. March 23, 1911.]

J. R. PICKLE *et al., Appellants,* v. ROBERT ANDERSON, *Respondent,* ANNA ANDERSON, *Intervener.*[1]

ELECTION OF REMEDIES—INCONSISTENT ACTIONS—BAR. An action by the makers of a note and mortgage against the payee and others for an accounting for the proceeds thereof, constitutes an election of remedies, and precludes the plaintiffs from prosecuting an action for a cancellation, as the same are inconsistent.

PARTIES—INTERVENTION—LEAVE OF COURT. Application for leave to intervene being made *ex parte,* the refusal of the court to strike a complaint in intervention, filed without leave, is equivalent to an order permitting the filing thereof.

PAYMENT—PLEADING. Payment is an affirmative defense to be pleaded, and cannot be raised under a claim of want of consideration.

DISMISSAL AND NONSUIT—INTERVENERS—STATUTES. The dismissal of an action for the cancellation of a note and mortgage does not affect an intervener's right as holder to foreclose, under Rem. & Bal. Code, § 202, authorizing an intervener to demand relief adversely to the parties, and Id., § 203, requiring the court to determine the rights of the intervener at the same time the action is decided.

Appeal from a judgment of the superior court for Lincoln county, Neal, J., entered August 8, 1910, in favor of the defendant and intervener, dismissing an action to cancel mortgages. Affirmed.

*John M. Gleeson* and *Joseph F. Morton,* for appellants.

*H. J. Hibschman* and *Sessions & Warren,* for respondent.

GOSE, J.—This action was brought to cancel two mortgages. The one secures the payment of a note drawn for $11,093. The other secures the payment of a note drawn for $300. The larger note and mortgage were executed on the 5th day of June, 1908. The substance of the complaint is that the Lincoln County State Bank and its officers, through fraudulent methods and without any consideration, induced the plaintiffs to execute the notes and mortgage to the de-

[1]Reported in 114 Pac. 177.

fendant, a relative of such officers. The defendant denied the charge of fraud and want of consideration, and alleged affirmatively that the plaintiffs, with full knowledge of the facts, on the same day this action was commenced, commenced an action in the same court against the Lincoln County State Bank and against E. W. Anderson, one of its officers, for the purpose of compelling them to account for the proceeds of the mortgages and notes which are the subject of this action. This was not denied.

On December 31, 1909, one Alex Anderson was permitted to file a complaint in intervention, wherein he alleged ownership of the larger note and mortgage, and prayed a foreclosure. Alex Anderson died about the 1st day of January, 1910. Upon stipulation the present intervener, Anna Anderson, filed her complaint in intervention on February 9, without obtaining leave of court. The purpose of her complaint is to secure a foreclosure of the larger mortgage. After alleging the making of the note and mortgage for a valuable consideration, and the failure to pay the interest which became due on the 5th day of June, 1909, she alleges that Alex Anderson, the first intervener, prior to his death, assigned the note and mortgage to F. W. Anderson, whom she alleges assigned it to her. In her answer to the complaint she alleges affirmatively, as the defendant does, the commencement of the action for an accounting for the proceeds of the mortgage and notes. This is not denied. In the action for an accounting, which was commenced upon the same day and in the same court as the present action, the plaintiffs prayed for an accounting of all the business transactions between them and the bank and E. W. Anderson, including the notes and mortgages embraced in this action, and for a judgment for the plaintiffs for such sum as the "court ascertains to be due upon the taking of such accounting." The court declined to hear any testimony upon the part of the plaintiffs, dismissed the action as to them, and

entered a judgment for the foreclosure of the intervener's
mortgage. The plaintiffs have appealed.

The action was dismissed upon the ground that, with knowl-
edge of the facts, the appellants elected to prosecute an action
for an accounting against the bank and one of its officers,
and that the two remedies are inconsistent. The action for
an accounting was determined against the plaintiffs, and the
judgment was affirmed upon appeal to this court. *Pickle v.
Lincoln County State Bank*, 61 Wash. 545, 112 Pac.
654. We think the methods of redress are inconsistent, and
that the prosecution of the action for an accounting operated
as an election to pursue that remedy and no other.

"The election is not restricted to any class of remedies.
Whenever the law supplies to a party two or more methods
of redress in a given case, based upon inconsistent theories,
however those methods may differ, either in the form or in
the forum of procedure, or in the personality of the parties
to the several proceedings, the party is put to his election,
as a choice of either is a bar to his resort to the other." 7
Ency. Plead. & Prac. 361.

In *Gaffney v. Megrath*, 23 Wash. 476, 63 Pac. 520, it was
held that, where an attorney had, without authority from the
client, accepted a quantity of brick in satisfaction of the
judgment, and the judgment creditor thereafter, with knowl-
edge of the facts, brought suit against her attorney for the
value of the brick, her conduct operated as a ratification of
his acts, satisfied the judgment, and precluded her from pros-
ecuting a garnishment proceeding upon the original judg-
ment. In that case the court said:

"It is a well settled rule of law that where there exists an
election between inconsistent remedies, a party is confined to
the remedy which he first adopts;"

and that the law would tolerate no such absurdity as a re-
covery of a judgment against her attorney upon the claim
that he had received payment from the judgment debtor, and
the subsequent enforcement by her of the original judgment.

In the accounting action the appellants here sought to have a judgment for money entered in their favor, on an accounting which would include the notes and mortgage in controversy in the case at bar. It is obvious that the election to recover a judgment for the amount of the notes precludes the maintenance of an action for their cancellation.

In *Johnson v. Shuey*, 40 Wash. 22, 82 Pac. 123, cited by the appellants, it was held that, where two or more persons are obligated to pay the same debt, the pursuit of one debtor does not relieve the other, unless the debt is collected from the debtor first pursued. It was said, however, that it is undoubtedly true that, where one has a choice of two or more remedies for the redress of one wrong, the selection of one is a bar to the subsequent exercise of any of the others. *Dane v. Daniel*, 28 Wash. 155, 68 Pac. 446, cited by the appellants, is not in point. In that case the first remedy sought was not an available one.

The other questions suggested are technical, and may- be considered together. It is true that the present complaint in intervention was filed without having obtained the leave of court, and that it is called an amended complaint in intervention. Applications for leave to intervene are made *ex parte*, and the refusal of the court to strike the complaint in intervention is equivalent to an order permitting it to be filed. Rem. & Bal. Code, § 202. The fact that it is called an amended complaint does not make it so. It contains the proper averments of the making of the notes and mortgage, and the ownership of the intervener. Payment is an affirmative defense, and no payment is pleaded. The appellants' contention was, and is, that there was no consideration for the note. The note and mortgage were admitted in evidence, and the entire amount was due when the judgment was entered.

The dismissal of the action as to the appellants did not affect the right of the intervener to pursue the foreclosure of the mortgage. An intervener may unite with the plaintiff

or the defendant, or may demand relief adversely to both. Rem. & Bal. Code, § 202. The court is required to determine the rights of the intervener "at the same time the action is decided." Rem. & Bal. Code, § 203.

The judgment is affirmed.

DUNBAR, C. J., FULLERTON, PARKER, and MOUNT, JJ., concur.