[No. 12298.    Department One.    April 5, 1915.]

## S. M. WHITE, *Respondent*, v. MAY WALKER *et al.*, *Appellants.*[1]

WITNESSES — TRANSACTIONS WITH DECEDENT — DELIVERY OF DEED. Under Rem. & Bal. Code, § 1211, providing that, where the adverse party sues or defends as deriving right or title by, through, or from any deceased person, a party in interest or to the record shall not be admitted to testify in his own behalf as to any transaction had by him with such deceased person, plaintiff, in an action to establish a lost deed, which had been executed to her by a grantor since deceased, cannot testify that, at a certain time and place and in the presence of a certain person, she had received the deed from deceased.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered May 16, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action to establish a lost deed.    Reversed.

*Freece & Pettijohn*, for appellants.

*H. N. Martin*, for respondent.

MORRIS, C. J.—Respondent brought this action to establish a lost deed, alleging that, about six years prior to his death, the decedent, C. W. Walker, made, executed and delivered to her a warranty deed by which he conveyed a half section of land in Lincoln county.    She then alleged the loss of the deed before recording, and prayed for a decree declaring her to be the owner of the property.    Issue having been joined, a jury was called, and in due time a verdict returned in favor of plaintiff.    The verdict having been entered, the court made findings of fact and conclusions of law, and entered a decree as prayed for in the complaint, from which the heirs and administratrix have appealed.

[1]Reported in 147 Pac. 409.

A number of errors are suggested, but finding one that is fatal to the judgment, we will refer to that only. The respondent was permitted, over the objection of appellants, to testify that, at a certain time and place, and in the presence of a Mr. Caton, she received the deed from the deceased. This was the only testimony as to the delivery and receipt of the deed. Rem. & Bal. Code, § 1211 (P. C. 81 § 1027), provides that, in an action or proceeding where the adverse party sues or defends as executor, administrator or legal representative of any deceased person, or as deriving right or title by, through or from any deceased person, a party in interest or to the record shall not be admitted to testify in his own behalf as to any transaction had by him with, or any statement made to him by any such deceased person. This testimony was a plain violation of the statutory rule, the receipt or delivery of a deed being such a transaction as clearly falls within the purview of the statute. This seems so plain to us that no authorities need be cited.

The judgment is reversed and a new trial ordered.

PARKER, MOUNT, HOLCOMB, and CHADWICK, JJ., concur.