[No. 15034. *En Banc.* May 31, 1919.]

*In the Matter of the Estate of* WILLIAM B. BUSHNELL. CALVIN E. VILAS *et al., Appellants,* v. GEORGE M. BUSHNELL, *Respondent.*[1]

WITNESSES (44)—COMPETENCY—TRANSACTIONS WITH PERSON SINCE DECEASED. Evidence that a written statement given by deceased to witness had been lost, is not inadmissible as testimony of a transaction had with the deceased, where it was introduced to establish the existence of the contract.

HUSBAND AND WIFE (60, 65)—GIFTS (8)—COMMUNITY PROPERTY—EVIDENCE—SUFFICIENCY. Evidence that a husband delivered stock to his wife with the intent of making a gift, and that she received and continued to keep it in her possession and exercised and claimed ownership, sustains the burden of proving that it was voluntarily made and that the stock became her separate property.

Appeal from a judgment of the superior court for King county, French, J., entered November 15, 1917,

[1]Reported in 182 Pac. 89.

in favor of the defendant, dismissing proceedings for the probate of a will, tried to the court.   Affirmed.

*Peters & Powell,* for appellants.

*Kerr & McCord,* for respondent.

MACKINTOSH, J.—William B. Bushnell died in Wisconsin, July 5, 1916, leaving a will, of which the appellant Rahr was appointed executor.  The probate proceeding in the Wisconsin court was presented to the superior court of King county by certified copy, and a petition was filed for the appointment of the appellant Vilas to serve as administrator *cum testamento annexo,* the petition alleging that the heirs of William B. Bushnell were the respondent George M. Bushnell, his widow, and certain nephews and nieces mentioned in the will.  The will bears date of November 25, 1914, and recites that all the testator's property was in the name and possession of his wife, George M. Bushnell, then a resident of the state of Washington, although the testator was the sole and legal owner of such property.  After providing for his wife, the residue of the property was willed to the appellant Rahr, as trustee for the benefit of the children of his deceased brothers. To this petition the widow answered, which answer presents three objections to the petition; the first is determinative of this proceeding and is the only one we will consider; that being that there is no property or estate in King county belonging to Bushnell at the time of his death, and therefore that letters of administration cannot issue in that county.

It is agreed that Bushnell died in Wisconsin, and it may be assumed that he was a resident of that state. The property which it is claimed is in King county to give jurisdiction to the probate court of that county consists of the capital stock of the Seattle Ice Com-

pany. The shares of stock of this company have stood for a great number of years in the name of George M. Bushnell, the respondent, and are claimed by her as her separate property. The question then for determination is as to the ownership of this stock. If it is the separate property of the respondent, the superior court of King county had no jurisdiction to admit to probate the Bushnell will. The respondent's claim to the stock is that, in January, 1892, she received it as a gift from her husband, and that she has since that time held, owned and exercised exclusive control thereof.

This case presents to the court for review the life history of a man and woman who were married in November, 1884, and who came to this state in March, 1889. The respondent, a man of superior attainments and education, was, at several times during his life, the victim of a recurrent insanity which caused his confinement in different asylums. When not so confined, he was in the full possession of an intellect of more than average capacity, and exercised remarkable business judgment and acumen. The widow is a woman of dominating personality, possessed of a shrewd commercial instinct, united with a disposition of the most mercenary kind and a character of a most pronounced cupidity. From a small beginning, through a prolonged period of peril, a very successful business has been built up which the widow claims is her sole property. The story of the life and activities of these two persons presents a phase of human nature adequately analyzed in fiction only by Balzac's "Pere Goriot"; an epic of ingratitude. One is tempted to wish for the pen of this great artist to properly present the details of this tragedy, but for the discussion of the issue presented, such recital is unnecessary; suffice it to say that, in 1892, William B. Bushnell, in

the city of Portland, Oregon, it is claimed, gave to his wife all the stock which he held in the Seattle Ice Company and the ice companies owned by him in Tacoma and Portland, stripping himself bare of all his possessions, to thereafter lead a sort of fugitive life, alternating between long sojourns in mental hospitals as a ward of various states, with lucid intervals which for the most part were periods of unrelieved poverty and neglect. It is true that, at the time the stock was transferred, it may have been of somewhat doubtful value for the reason that the country was going through a period of depression and Bushnell's corporations were financially embarrassed. Since that day, Mrs. Bushnell has continued in the sole and exclusive possession of the stock and has exercised all the rights of ownership thereof, either through herself or agents whom she has employed to manage these corporations, until at this time the stock has become of exceedingly great value. During a large portion of the time since 1892, Bushnell was confined in hospitals where he received but the most meager attention from his wife, in fact, going for long periods without ever seeing her. Finally, on his release from the hospital for the insane in Illinois, in 1914, he went to Wisconsin in an effort to discover his nephews and nieces, the children of his deceased brothers who, after his death, were to become the beneficiaries of his will. The questions of law presented by the case are few; the question of fact, in the determination of which the entire record has been examined, we are constrained to decide as did the trial court, not, however, without letting it be recorded that we wish the result might be otherwise; this case being one where the respondent has established her right to her pound of flesh, with the court powerless to fulfill the commendable wishes of her deceased husband.

The questions of law involved are these: On the hearing, the trial court allowed Mrs. Bushnell to testify that a written statement given her at the time her husband presented the stock has since been lost. The testimony of the witness in this regard was not offered to prove the receipt or contents of the instrument, but to show its loss and laying the foundation for the introduction of secondary evidence of its contents, and therefore does not fall within the rule of *White v. Walker*, 84 Wash. 652, 147 Pac. 409; *Goldsworthy v. Oliver*, 93 Wash. 67, 160 Pac. 4, as Mrs. Bushnell was not testifying as to a transaction with the deceased, her evidence not being introduced to establish the existence of the contract contained in the writing, which had been testified to by another witness, but merely to show that she was unable to produce it and to allow the introduction of secondary evidence by other witnesses as to its contents.

The cases of *Garvey v. Garvey*, 52 Wash. 516, 101 Pac. 45; *Holly Street Land Co. v. Beyer*, 48 Wash. 422, 93 Pac. 1065; *Jackson v. Lamar*, 67 Wash. 385, 121 Pac. 857; *Meyers v. Albert*, 76 Wash. 218, 135 Pac. 1003, and *In re Slocum's Estate*, 83 Wash. 158, 145 Pac. 204, are relied upon as negativing a gift in the present case. The evidence, however, is that the husband delivered the stock with the intention of giving it to Mrs. Bushnell, that it was capable of delivery, and that the wife received it and continued to keep it in her possession and has exercised ownership over it and continues to claim ownership, and having assumed and carried the burden of proof, we are forced to hold that the gift was voluntarily made and that she has been and is the owner of the stock in the Seattle Ice Company as her separate property; and that, therefore, William B. Bushnell died possessed of no property in King county,

and the court of that county was without jurisdiction to proceed to the probate of his estate.

The action of the lower court is affirmed.

MITCHELL, TOLMAN, MOUNT, and HOLCOMB, JJ., concur.

PARKER, J., concurs in the result.