[No. 20105. Department One. January 6, 1927.]

## H. G. Behneman, *Appellant*, v. Arline A. Schoemer, as *Executrix etc, et al., Respondents.*[1]

[1] Dismissal and Non-suit (24)—Involuntary—Dismissal Without Prejudice. It is error, on granting defendant's motion for judgment on the pleadings, to dismiss the action with prejudice.

[2] Limitations of Actions (15)—Written Contracts—Accounting. An action for an accounting arising out of a written contract is governed by Rem. Comp. Stat., § 157, fixing a limit of six years for the commencement of an action on a contract in writing or for a liability express or implied arising out of the same.

[3] Election of Remedies (4)—Validity and Finality of Election. Since the doctrine of election of remedies applies to the first decisive act of election, in an action in which plaintiff has first elected to sue for an accounting and, upon objection, amended to set up the inconsistent cause for rescission of the contract, to which defendant interposed the valid defense of the statute of limitations, the plaintiff, on application, should be permitted to amend his complaint to follow the first election of an accounting under the contract.

Appeal from a judgment of the superior court for King county, Douglas, J., entered November 18, 1925, upon findings in favor of the defendants in an action for an accounting. Reversed.

*W. U. Park,* and *Morris & Dubuar,* for appellant.

*S. A. Keenan,* and *Farrell, Meier & Hess,* for respondents.

Holcomb, J.—On October 23, 1923, the original complaint was filed in the lower court by appellant against respondents named therein, seeking an accounting from respondents, setting up a contract between them entered into October 19, 1917, for the purpose of reorganizing and operating a failing, or near failing,

[1]Reported in 252 Pac. 133.

business, until the business should be made to pay, or, as the contract expressed it, "showed a surplus." Among other things, that complaint alleged that appellant had done and performed all things by him to be performed pursuant to the contract; that the business had been put upon a paying basis; that an accounting of the business had been demanded of respondents, and appellant had been put off by respondents by promises of further gains and future accounting; that demands for an accounting were finally refused by respondents in August, 1920. An accounting was therefore demanded of specific matters comprised in the contract.

This complaint was probably somewhat deficient, and upon a demurrer that it stated no facts sufficient to constitute a cause of action, the demurrer was apparently confessed, since it was sustained without argument in the lower court.

On February 25, 1925, appellant served a first amended complaint in the cause, based upon the same contract. Respondents interposed a motion denominated by them a motion to strike and to make more definite and certain certain paragraphs, but which in fact was, as the record shows, a motion to make more definite and certain and to elect as to whether appellant relied upon the original contract set up in the amended complaint or whether he repudiated the contract as being induced by and through duress, fraud, and conspiracy of respondents Schoemer and Finfsinn. A hearing was had before the court commissioner acting for the court below, who denied what was called the motion to strike, and after taking the other motion under advisement, finally granted the motion to require appellant to elect whether he based his action upon the contracts set out in the amended complaint or upon the so-called fraud, duress and conspiracy of respondents.

After an examination of the amended complaint, there is little doubt in our minds that the motion to make more definite and certain certain paragraphs. therein alleging conspiracy, duress and fraud merely by words, and without alleging any facts tending to constitute either conspiracy, or fraud, duress and misrepresentation, should have been granted.

However, appellant filed a second amended complaint impleading the executrix of Schoemer who had died after the commencement of the action, and the other respondents, setting up the same contract, making the same general allegations of conspiracy and of fraud, "threats, duress and false and fraudulent representations" as inducing the execution of the contract by appellant. It was also alleged that, in accordance with the contract, appellant did all the things required of him therein so far as he was able so to do, until required by ill health to cease work of all kinds. It was further alleged that the business was and had been for some time a paying business, and that Schoemer and Finfsinn had appropriated to themselves all the assets and funds, and withheld them from appellant, refusing to account therefor although an accounting had been often demanded; that they had failed in all respects to carry out any and all the stipulations required of them under the agreement. There were also general allegations of conspiracy, threats, duress and false and fraudulent representations inducing appellant to resign as trustee of the corporation, and that by means of threats, duress, false and fraudulent representations they induced appellant to enter into the agreement. A paragraph in the second amended complaint is as follows:

"10. That the plaintiff elects to rescind said agreement and offers to do equity herein."

The prayer of the complaint was that the agreement be rescinded and set aside, respondents required to restore to appellant all the property alleged to have been taken from appellant by them; that appellant be restored to his office as trustee; that respondents Schoemer and Finfsinn be required to account to appellant for his interest and profits in the incorporated company and in the Seattle Lighting Fixture Company, which in all the complaints was alleged as a business name of the retail place of business of the parties; that the corporation and the association be required to pay appellant all his interest and profits in the business with interest as of the date of the agreement. Costs and disbursements were demanded and a general prayer was made for other and further relief as might seem just and equitable.

This last complaint was also moved against by respondents to require appellant to make more definite and certain by setting out the facts and circumstances constituting the so-called conspiracy to secure control and management of the incorporated company and the Seattle Lighting Fixture Company, and to appropriate to themselves all the stock; that appellant be required to set out what acts, words or actions on the part of respondents constituted the so-called threats, duress, and false and fraudulent representations; and that appellant be required to set up what words, acts or conduct on the part of respondents constituted conspiring together and by means of threats, duress, false and fraudulent representations, causing his resignation as trustee.

On a hearing before the court commissioner the motion to make more definite and certain the paragraphs of the second amended complaint was denied, whereupon respondents demurred generally to the second

amended complaint, which was by the court commissioner overruled.

Again it seems clear to us that the motion to make more definite and certain should have been granted, or the demurrer should have been sustained.

Respondents then answered the second amended complaint making certain admissions to the allegations thereof, certain denials which put in issue the principal matters alleged in the second amended complaint, and also alleged as an affirmative defense that the alleged cause of action in the last complaint is barred by the terms and conditions of the statute, and by the laches of the appellant. The affirmative defense was put in issue by reply.

On November 12, 1925, the cause was brought on for trial, upon which counsel for appellant made an opening statement detailing the facts expected to be proven by appellant and stating, among other things, that frequent assurances were made by respondents that, if he would retain his interest in the business, he would only have to wait until such time as the company was on a solid basis, when an accounting would be made; that at various times thereafter appellant applied to the company and to the manager thereof, Finfsinn, for his share of the profits, and his share in the company, and was each time put off by the assurances of future compliance, until in October, 1923, when appellant was forced to bring this action for an accounting. Counsel did not state just what brought about the compulsion to bring the action for an accounting, but it may be inferred that at that time respondents definitely refused to make any accounting, thereby repudiating their agreement so to do, and repudiating their trust for the benefit of appellant.

Upon the opening statement being made by ap-

pellant's counsel, respondents moved for judgment on the pleadings and on the opening statement and that the action be dismissed upon the grounds that it was barred by the statute of limitations and by appellant's own laches.

The record shows that, upon this motion being interposed, appellant sought leave to amend the second amended complaint so as to eliminate the paragraph alleging that appellant elected to rescind the contract, and to set out further facts tending to show that appellant was entitled to an accounting.

The lower court was of the opinion that the second amended complaint contained two inconsistent causes of action, with which we agree. In passing upon the motion, the trial judge said:

"Regardless of what previous orders of the court have been entered, or what the pleadings have been, I do not see how the court can hear and try a case based upon two inconsistent causes of action, regardless of the state of the pleadings. In other words, if there has been nothing done up to this time it seems to me the court of its own motion would necessarily be forced to the position of requiring you to elect upon what theory you are going to proceed."

But the trial judge was further of the opinion that, since appellant had been required to elect by a former order therefor based upon his first amended complaint, and had elected in the second amended complaint, he had deliberately designated as his choice of inconsistent remedies the rescission of the contract, and was definitely bound thereby. He therefore denied the motion to amend the complaint to omit the allegation as to rescission of the contract and incorporate further allegations of fact, and then denied a motion for a continuance to appellant to prepare a new amended complaint, and dismissed the action "with prejudice."

[1] The order of dismissal with prejudice is erroneous in any event, because appellant here objected to that feature of the order, and called it to the attention of the court.

In *Hubenthal v. Spokane & Inland R. Co.*, 43 Wash. 677, 86 Pac. 955, where a judgment on the pleadings dismissing the action with prejudice was entered, and where that feature had not been called to the attention of the trial court, yet we modified the judgment of dismissal so that no prejudice could result to appellant in any future action, etc. Under the record in this case that would be ground for reversal, but we think there are other grounds.

[2] If appellant was conclusively bound by his election in the second amended complaint to rescind the contract, undoubtedly that action would be barred for failure to commence it within three years after appellant knew, or should have known, of the coercion, conspiracy, misrepresentations and fraud alleged by him to induce him to enter into the contract. Evidently he knew, or should have known, those facts as soon as the contract was made, if they existed. He did not commence his action until October, 1923. Other than the mere ground of lapse of time, which is covered by the statute of limitations, there is no other element of laches shown in the second amended complaint, or in the opening statement of counsel, which would bar the action of appellant. The opening statement of counsel abandoned the rescission of the contract as a cause of action, and reverted to the suit for an accounting. Since that rested not only on the inherent right to an account, but upon the time of refusal so to do by respondents, which was either in August, 1923, as alleged in the original complaint, or October, 1923, as stated by counsel in his opening statement, and the action was begun shortly thereafter, Rem. Comp. Stat., § 157, [P.

C. § 8162], applying to a suit upon a contract in writing, for liability express or implied arising out of the same, fixes six years as the time from the time the cause of action accrues as the period of limitations, the action for an accounting was not barred by either limitations or laches. *Garvey v. Garvey*, 52 Wash. 516, 101 Pac. 45; *Hotchkin v. McNaught-Collins Imp. Co.*, 102 Wash. 161, 172 Pac. 864.

[3] The principal question to be determined is whether appellant is conclusively bound by his election in the second amended complaint. It cannot be disputed, in such a case as this, that appellant was put to a choice of remedies, either to sue on the contract for an accounting provided therein, or to sue for rescission upon facts which he imperfectly and defectively attempted to allege that induced him to enter into a contract which was not actually his.

Respondents rely largely on *Pickle v. Anderson*, 62 Wash. 552, 114 Pac. 177, where an action was brought for the cancellation of two mortgages and notes. On the same day they brought an action against the same defendants for an account of all the business transactions between them, including the notes and mortgages embraced in the other action. The defendants in the case for rescission pleaded the other pending action between the same parties for an accounting. The pendency of the action for an accounting was not denied.

But it is clear in that action, as is shown by the opinion, that both actions depended on the same facts, and were independent actions which were both pursued to judgment, appealed to this court and determined in this court. We there held the prosecution of the action for an accounting operated as an election to pursue that remedy and no other.

In this action we have a mere matter of pleading and

practice. Two independent remedies were not pursued. Facts thought to sustain either or both of the remedies were set up in the complaint. The original and first amended complaints were only for an accounting. It would seem to us that, if any conclusive election was made, it was made in the original and first amended complaints.

"The doctrine of election of remedies applies to the first decisive act of election, and makes it a defense to the prosecution of a second inconsistent suit or remedy. Having once elected by some decisive act, the commencement of a subsequent action cannot operate as an election of remedies so as to preclude the prosecution of the prior action, especially where there is no inconsistency between the former suit and the subsequent action. Likewise where one who is entitled to a choice of remedies takes such action as in law amounts to an election, a mistaken and unsuccessful attempt to pursue another remedy will not annul the former election, nor bar the right to pursue the remedy first adopted. But where the defendant permits a subsequent action to be prosecuted to judgment against him it will operate as a bar to the further prosecution of the first suit." 20 C. J. 34, § 25.

Of course, an accounting under a contract, and rescission thereof, are positively inconsistent remedies, and the election of one is an abandonment of the other.

According to the weight of authority the mere commencement of any proceeding to enforce one remedial right in a court having jurisdiction to entertain such proceeding is such a decisive act as constitutes a conclusive election barring subsequent prosecutions of inconsistent remedial rights. 20 C. J. 29, § 20.

We said in *Babcock v. Urquhart*, 53 Wash. 168, 101 Pac. 713:

"It seems well settled that the doctrine of election of remedies has no application when the remedy chosen

is not available, and we think a remedy is not available where there is a good defense to it."

That was a case where the plaintiff had elected a remedy of damages and, upon dismissal, commenced a second suit attempting to pursue another remedy, and, upon dismissal of that, commenced a third suit for damages. It was there held that the defendant in that suit could not set up the second action as an election of an inconsistent remedy, since the election of damages was irrevocably made in the first instance.

So in this case: Appellant first elected to pursue the remedy of an accounting. He likewise elected the same remedy a second time. Being judicially required to formally elect upon which of two apparently inconsistent causes of action set up in his first amended complaint he would rely, he elected to rescind the contract, which, of course, would defeat his action, because the rescission was barred by the statute of limitations and laches. When pleaded by respondents it was a good defense. He should, therefore, have been permitted to amend his complaint and follow his first election for an accounting under the contract. The allegations, though very imperfectly framed, justify that kind of a remedy under the contract upon the express allegations that the business had become prosperous; that there was a surplus; that respondents had postponed an accounting by promises to appellant until shortly before the action was originally brought, when finally refused, and that appellant had performed all he was bound to perform under the contract.

See also, as in some measure supporting our conclusions: *Dormitzer v. German Savings & Loan Society*, 23 Wash. 132, 62 Pac. 862; *Yarwood v. Johnson*, 29 Wash. 643, 70 Pac. 123; *McKay v. Calderwood*, 37

Wash. 194, 79 Pac. 629; *Lawrence v. Halverson,* 41 Wash. 534, 83 Pac. 889; *Fishburne v. Merchants Bank of Port Townsend,* 42 Wash. 473, 85 Pac. 38, 7 Ann. Cas. 848; *Wolf Co. v. Northwestern Dairy Co.,* 55 Wash. 665, 104 Pac. 1123; *Gerard-Fillio Co. v. McNair,* 68 Wash. 321, 123 Pac. 462; *Taylor v. Interstate Inv. Co.,* 75 Wash. 490, 135 Pac. 240; *Roy v. Vaughan,* 100 Wash. 345, 170 Pac. 1019; *Harris v. Northwest Motor Co.,* 116 Wash. 412, 199 Pac. 992; *Warren v. Sheane Auto Co.,* 118 Wash. 213, 203 Pac. 372.

The order dismissing with prejudice is therefore reversed, the cause reinstated with instructions to permit appellant to amend by striking out the tenth paragraph of the second amended complaint, and amending in other particulars to set forth the facts justifying an accounting, and for further proceedings not inconsistent herewith.

. Tolman, C. J., and Mitchell, J., concur.

Fullerton and Main, JJ., concur in the result.